Filed 3/5/13  Bate v. Los Angeles County MTA CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DARI BATES,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>　　　　Defendant and Respondent. | B238783<br><br>(Los Angeles County<br>Super. Ct. No. BC454192) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

　　　　Dari Bates, in pro. per., for Plaintiff and Appellant.

　　　　Sylvester, Oppenheim & Linde and Alan Varner for Defendant and Respondent.

Appellant Dori Bates appeals from a judgment of dismissal following the sustaining of a demurrer to her first amended complaint. The order sustaining the demurrer was with leave to amend but appellant did not amend, and the judgment followed after her time to amend had expired. The demurrer was brought, and the order sustaining it was made, on multiple grounds, including uncertainty, failure to state a cause of action on various grounds, failure to make a timely claim, and the discretionary act immunity. It is not necessary to discuss all of these grounds since at least one of them, discretionary act immunity, commands the result on appeal.

The thrust of the appeal concerns the purported illegality of what appellant and the trial court refer to as the "stroller rule". Essentially, appellant alleges that on July 22, 2010, as well as on many other occasions, she attempted to board a public transportation bus operated by respondent Los Angeles County Metropolitan Transit Authority (MTA). She was pushing a stroller at the time, and the driver refused to allow her to board, despite knowledge by MTA that she had a disabled person pass. Instead, the driver closed the doors of the bus on the double stroller she was pushing. Appellant's one and one-half-year-old grandchild was in the stroller, which was fully opened. The opened stroller was 46 inches long, 48 inches high and 16 inches wide. It was loaded underneath and on the bars used for pushing with bags of groceries. Altogether it weighed 62 to 69 pounds. ~CT 49)~ The bus driver would not allow appellant to board with the open stroller because of the MTA's "stroller rule", which appellant sets out in full in her complaint.

The rule, numbered 6-05-070, provides:

"A. Commercial or large size carts, or dollies and strollers are prohibited on Metro vehicles, unless collapsed. If a small personal use size stroller is occupied by a child or small cart is filled, then it must be securely held and not block passageways.

"B. Carts, dollies, and strollers that create an unsafe condition are prohibited.

"C. During crowded conditions or peak hours, remove children from strollers and materials from carts, and collapse, or wait for the

2

next Metro vehicle that has room for the cart or stroller. This provision does not apply to wheelchairs or other mobility devices for persons with disabilities.

"D. In Metro facilities carts and strollers are to be transported in elevators, not in escalators."

Metro refers to respondent MTA. The Code referred to apparently is part of a passenger code issued by MTA.

Another MTA rule, 6-05-140, provides:

"A. The Code is not intended to affect lawful activity or first amendment rights protected by state or federal law, including laws related to collective bargaining, labor relations, or labor disputes.

"B. Metro reserves the right to suspend, waive, modify, limit, or revoke the application of the Code.

"C. Metro may refuse service, or access to Metro facilities or vehicles, including eject or exclude, to any person who does not comply with the Code or applicable laws.

"D. The Code incorporates all relevant applicable legislative changes that occur after the date the Code [is] adopted.

"E. Acts prohibited under the Code are permitted if authorized by agreement, permit, license, or a writing signed by an authorized Metro representative.

"F. The Code applies with equal force to any person who aids or abets in any of the acts prohibited by the Code or in the avoidance of any of the requirements of the Code."

Appellant does not argue the rule did not apply to her by its terms, but she does claim that its application was unreasonable given her disabled condition and the impracticality of unloading the stroller, and amounted to unlawful harassment, embarrassment and discrimination. Resolution of this case turns on two key provisions of the Government Claims Act. (Govt. Code, § 810 et seq.)[1]

---

[1] Statutory references are to the Government Code unless otherwise indicated.

The first of these is section 815. Subdivision (a) of that section provides that a public entity is not liable for injuries arising out of the acts or omissions of a public employee or anyone else, "[e]xcept as otherwise provided by statute." Subdivision (b) of section 815 provides that such liability, where it is established, "is subject to any defenses that would be available to the public entity if it were a private person."

The second key provision is section 820.2. It provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Section 820.2 codifies an ancient principle of government entity and employee liability. (See *HFH, Ltd. v. Superior Court* (1975) 15 Cal.3d 508, 509.) Read together, these statutes codify and provide the basic rules that "public *entities* are immune from liability except as provided by statute (§815, subd. (a)), that public *employees* are liable for their torts except as otherwise provided by statute (§820, subd. (a)), that public entities are vicariously liable for the torts of their employees (§815.2, subd. (a)), and that public entities are immune where their employees are immune, except as otherwise provided by statute. (§815.2, subd. (b).)" (*Caldwell v. Montoya* (1995) 10 Cal.4th 972, 980.)

The discretionary act immunity applies to "basic policy decisions", not to operational decisions about carrying them out. (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 794.) The "stroller rule" is a safety rule, obviously promulgated by MTA because of a perceived danger from open strollers on buses. The hazards are not difficult to discern. Strollers can roll, they can strike other passengers, especially those who may be standing, and they may impede the passageway on board the bus. Whether the rule is good policy or bad, and whether it could be improved or amended by an exception that may have applied to appellant, are the kind of executive decisions left to the discretion of the promulgating authority, the MTA. We conclude that the court ruled correctly in sustaining the demurrer. Whether it might have been possible for plaintiff to state a cause of action not impacted by the discretionary act immunity, she

4

was given leave to do so and either could not or chose not to do so, and must stand on the merits of her first amended complaint, which remains the charging pleading. (Code of Civ. Proc., § 581, subd. (f)(2); *Drum v. San Fernando Valley Bar Assn.* (2010) 182 Cal.App.4th 247, 251.)

Accordingly, the judgment must be affirmed.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

SUZUKAWA, J.

5